O

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

LAREDO DIVISION

| | | |
|---|---|---|
| MARIA C. CORTEZ, ET AL., | § | |
| | § | |
|     Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. L-06-124 |
| | § | |
| GENERAL MOTORS CORPORATION, | § | |
| ET AL., | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This case was removed from state court, and now pending is Plaintiffs' opposed motion to remand. This is a products liability case, alleging that a Chevrolet Trail Blazer "suddenly went out of control," causing various injuries and also the death of Julian Alejandro Cortez. The removing Defendants are General Motors Corporation, the manufacturer of the vehicle, and Oxford Automotive, Inc., a manufacturer of auto parts. Specifically, Oxford Automotive, Inc. allegedly manufactured a lower control arm bracket which was installed in this vehicle and was allegedly unreasonably dangerous and defective. There appears to be no doubt that diversity of citizenship exists among these parties.

The controversy stems from the addition of Defendant Alvin Autoland, Inc. (hereinafter "Autoland") and Defendants Omar Gonzalez and Rolando Gomez, Jr., doing business as Yndio's Auto

Sales (hereinafter "Yndio's").  While the citizenship of these parties is not expressly detailed in the pertinent pleadings, the remaining parties apparently agree that Autoland and Yndio's are "in-state defendants."  The case was removed on the proposition that Plaintiffs have fraudulently joined these parties.

Defendant Autoland was allegedly the retailer that sold the subject vehicle when new.  Plaintiffs were not the purchasers at that time.  The allegation is that Autoland "had the duty and responsibility to replace the front lower control arm bracket but failed to do so after being advised by General Motors Corporation that said bracket needed to be replaced."  Docket No. 7, Ex. 1, p. 4.  Uncontroverted affidavit evidence establishes that no such advice by GMC was given with respect to this vehicle.  Docket No. 1, Ex. I, p. 2.  According to the affidavit of Dennis J. Vallad, currently a senior project engineer with General Motors, the recall of a defective lower arm bracket, upon which plaintiffs rely, applied only to vehicles built between January 2001 and April 5, 2001.  Id.  Mr. Vallad states that he has personally determined that the subject vehicle was built January 16, 2002, and that the recall does not apply to it.  Id.  Further, §82.003 of the Texas Civil Practice and Remedies Code exempts the seller of a product from liability, with certain exceptions not pertinent here.  There appears to be no possible chance for

Plaintiffs to establish a claim against Autoland and, indeed, they make no serious effort to do so.

The primary contest involves the liability of Yndio's. The actual pleadings against these Defendants are bare bones at best. Without any factual detail, Plaintiffs allege in conclusory fashion that Yndio's "failed to properly repair the vehicle," "failed to warn," and "failed to replace the front lower control arm bracket on the motor vehicle." Docket No. 7, Ex. 1, p. 5.

Defendants maintain that Yndio's is also protected by the seller exemption cited above. Plaintiffs respond with an elaborate explanation attempting to show that Yndio's was actually a "manufacturer" under §82.001 of the Code because it was a "rebuilder" of the vehicle. According to the unsworn assertions in the remand motion, Autoland had sold the vehicle to Mike and Caroline Jaunch. The vehicle was involved in an accident in June 2003 and was "damaged." The nature of the damage is not supplied. The vehicle was then sold to an insurance company as a "salvaged" vehicle and subsequently sold to Yndio's in August 2003. Yndio's repaired the vehicle in some unspecified manner, drove it for several months, and then sold it to the deceased, Julian Cortez, in July 2004. Plaintiffs then postulate that, because the vehicle was not sold to Cortez as a salvaged vehicle, it must have been rebuilt, and Yndio's should

3

have filed with the State a statement describing the component parts used.  They conclude that, "assuming" Yndio's complied with Texas law, Plaintiffs could then recover on a theory of improper repairs.

This argument is highly problematic.  In the first place, as evidence of the sale between Yndio's and Cortez, Plaintiffs point to a bill of sale, which is clearly not an official document and, therefore, is no evidence that Yndio's attempted to comply with Texas law pertaining to the selling of salvaged vehicles.  Indeed, the bill of sale indicates in bold type that the vehicle was sold "AS-IS."  Moreover, based on the Plaintiffs' petition, one must assume that the cause of action is based primarily on a defective lower control arm bracket, and there is nothing to indicate that Yndio's did anything with respect to that part.  The petition is also refers to tempered glass and lack of an electronic stability control system, but again, it contains nothing to show any connection between those items and any repairs required by the Jaunch accident.  Moreover, the pleadings at the time of removal do not contain even a hint of any factual basis for linking Yndio's to Plaintiff's claims.

The parties agree that the Fifth Circuit Court of Appeals has generally established a Rule 12(b)(6) standard for evaluating claims of fraudulent joinder.  <u>See</u> <u>Docket No. 1</u>, p. 6, <u>and</u> <u>Docket</u>

**No. 7**, p. 4, citing **Smallwood v. Ill. Central R.R. Co.**, 385 F.3d 568, 573 (5th Cir. 2004). Plaintiffs concede the sparseness of their pleadings but assert that they are nevertheless sufficient. In **Rios** v. **City of Del Rio**, the Fifth Circuit has recently reiterated the proper standard for evaluating Rule 12(b)(6) motions. 444 F.3d 417, 420-421 (5th Cir. 2006). According to **Rios**, the pleadings must contain either direct allegations on every material point necessary to sustain a recovery or else contain allegations from which an inference fairly may be drawn that sufficient evidence will be introduced at trial. **Id.** Conclusory allegations or legal allegations masquerading as factual conclusions will not suffice. **Id.** at 421 (citing **Fernandez-Montes v. Allied Pilots Ass'n**, 987 F.2d 278, 284 (5th Cir. 1993)). The Court is not required to conjure up unpled allegations or construe elaborately arcane scripts to save a complaint. **Id.** (citing **Gooley v. Mobil Oil Corp.**, 851 F.2d 513, 514 (1st Cir. 1988)).

    The Court concludes that Plaintiffs' petition fails the foregoing test. As previously indicated, one cannot discern from the pleadings how Yndio's is related to the Plaintiffs' cause of action in any way, other than conclusory allegations of negligence. The removing Defendants have satisfactorily

established that both Autoland and Yndio's have been improperly joined in this case and they shall be dismissed as parties.

The motion to remand is DENIED.  This case is now REFERRED to Magistrate Judge Diana Saldaña for further pretrial processing.

DONE at Laredo, Texas, this 29th day of January, 2007.

*[signature]*

George P. Kazen
United States District Judge